[Cite as *State v. Sanford*, 2025-Ohio-207.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Andrew J. King, J. |
| -vs- | |
| | Case No. 2024 CA 00005 |
| AVONTE M.T. SANFORD | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Fairfield County Court of Common Pleas, Case No. 2022 CR 163 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | January 24, 2025 |
| APPEARANCES: | |

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| BRIAN T. WALTZ<br>Fairfield County Prosecutor's Office<br>239 West Main Street, Suite 101<br>Lancaster, Ohio 43130 | BRIAN A. SMITH<br>Brain A. Smith Law Firm, LLC<br>123 South Miller Road, Suite 250<br>Fairlawn, Ohio 44333 |

*Hoffman, J.*

**{¶1}** Defendant-appellant Avonte Sanford appeals the judgment entered by the Fairfield County Common Pleas Court convicting him following his negotiated pleas of guilty to involuntary manslaughter (R.C. 2903.04(A)), with a firearm specification; aggravated robbery (R.C. 2911.01(A), (C)), with a firearm specification; and having weapons while under disability (R.C. 2923.13(A)(2), (B)), and sentencing him to an aggregate term of incarceration of 25 to 30 ½ years. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE[1]

**{¶2}** On April 21, 2022, Appellant was indicted by the Fairfield County Grand Jury with two counts of aggravated murder, two counts of murder, aggravated robbery, and having weapons while under disability. All counts except the charge of having weapons while under disability included firearm specifications.

**{¶3}** On January 29, 2024, pursuant to a negotiated plea, the State amended Count Two of the indictment from aggravated murder to involuntary manslaughter. Appellant entered pleas of guilty to involuntary manslaughter and aggravated robbery, both with accompanying firearm specifications, and having weapons under disability. The State dismissed the remaining charges. Pursuant to a jointly recommended sentence, the trial court sentenced Appellant to an aggregate term of incarceration of 25 to 30 ½ years. The court's entry states:

---

[1] The facts underlying the convictions in this case are not a part of the record before this Court on appeal, and are unnecessary for our resolution of the issue raised on appeal.

The Defendant specifically agreed, as part of the plea agreement with the State, that this would be a flat sentence. This means that it was the specific intention of all parties that the Defendant serve the entirety of the definite minimum 25 year prison sentence. The removal of the life tail in this case was entirely predicated on his serving his full sentence. As such, the Defendant has specifically agreed that he shall not ever request, nor shall he ever accept, any form of early release on this case.

**{¶4}** Judgment Entry, January 30, 2024.

**{¶5}** Appellate counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), *rehearing den.*, 388 U.S. 924, indicating the within appeal is wholly frivolous. In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he or she should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany the request with a brief identifying anything in the record which could arguably support the appeal. *Id.* Counsel also must: (1) furnish the client with a copy of the brief and request to withdraw; and, (2) allow the client sufficient time to raise any matters the client chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

**{¶6}** We find counsel has complied with *Anders*. Appellant has not filed a pro se brief, and the State has not filed a response brief. Counsel sets forth one assignment of error which could arguably support the appeal:

WHETHER THE TRIAL COURT'S SENTENCE, STATING "THE DEFENDANT HAS SPECIFICALLY AGREED THAT HE SHALL NOT EVER REQUEST, NOR SHALL EVER ACCEPT, ANY FORM OF EARLY RELEASE ON THIS CASE," SHOULD BE MODIFIED AS CONTRARY TO LAW UNDER R.C. 2953.08(G)(2), IN ORDER FOR THE SENTENCING ORDER TO EXCLUDE THE INDEFINITE PORTION OF APPELLANT'S SENTENCE FROM THE DEFINITION OF "EARLY RELEASE," AND TO CLARIFY THAT APPELLANT IS AUTHORIZED TO SEEK RELEASE AFTER SERVING 25 YEARS, BUT BEFORE SERVING 30 YEARS, 6 MONTHS.

**{¶7}** R.C. 2953.08(D)(1) governs this Court's review of a jointly recommended sentence:

A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.

**{¶8}** The Court of Appeals for the Eighth District has held the State and a defendant may legally enter into a contractual plea agreement which includes a jointly recommended sentence imposing a mandatory term of incarceration:

In this case, Sykes undeniably entered her plea with the understanding that she would be sentenced to a mandatory agreed-upon prison term of 15 years pursuant to the parties' negotiated plea agreement. Sykes was questioned at length during the Crim.R. 11 colloquy and expressly stated that she understood she was "entering into a plea agreement with a mandatory agreed-upon 15-year prison sentence." Defense counsel confirmed the mandatory nature of the agreed-upon sentence and thereafter requested at sentencing that the trial court impose the agreed-upon sentence "and follow the recommendation of both counsel." The trial court accepted the plea agreement in its entirety and stated at sentencing that it was imposing the agreed-upon sentence. Under these circumstances, we find the plea agreement, which included an agreed-upon sentence of 15 years in prison "to be served in totality," constituted a valid and enforceable contract that mutually bound the parties to its terms.

There is no dispute that Sykes pleaded guilty to offenses that do not carry mandatory prison terms under the Ohio Revised Code. However, pursuant to the express terms of the plea agreement and the trial court's subsequent acceptance and imposition of the agreed-upon sentence, we

find Sykes's 15-year term of imprisonment was mandatory under contract principles. The state and Sykes entered into a quid pro quo arrangement where Sykes agreed to serve a mandatory prison term in exchange for the state's agreement to amend her aggravated murder charge to involuntary manslaughter. R.C. 2929.20 contains no language to suggest its eligibility restrictions apply only to offenders who are subject to statutorily mandated prison terms as opposed to prison terms mandated by an approved plea agreement. It simply states that judicial release is not applicable to an offender who is serving a mandatory prison term.

**{¶9}** *State v. Sykes,* 2018-Ohio-4774, ¶¶ 24-25 (8th Dist.).

**{¶10}** In the instant case, before Appellant entered his plea, the State presented the joint sentencing recommendation, including the following:

As part of this the Defendant and the State agrees that this sentence shall be a flat 25 years. By flat, the parties meaning that it is a specific intention of all parties the Defendant shall serve the entirety of the 25-year prison sentence. The removal of the life tail on this case is entirely predicated on his serving his full sentence. As such, the Defendant shall not request, nor shall he ever accept, any form of early release on this case.

**{¶11}** Tr. 6.

**{¶12}** Counsel for Appellant confirmed this was the agreement between the parties, which she had significant time to explain to Appellant and answer his questions. Tr. 10. We find the agreement sentence was authorized by law, was jointly recommended by Appellant and the State, and was imposed by a sentencing judge. Therefore, the sentence is not subject to our review.

**{¶13}** We further find the sentence is sufficiently clear regarding the imposition of the 25-year minimum sentence as the flat sentence, before which Appellant may not seek early release.

**{¶14}** After independently reviewing the record, we agree with Counsel's conclusion no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the Fairfield County Court of Common Pleas.

By: Hoffman, J.
Baldwin, P.J. and
King, J. concur